UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
ROCKY JOE GIBBS,                    )
                                    )
               Plaintiff,     )   Case No. C04-2410L
                                    )
   v.                                )   ORDER GRANTING IN PART
                                    )   DEFENDANT'S MOTION FOR
                                    )   JUDGMENT ON THE PLEADINGS
PETERSON RUSSELL KELLY, PLLC,       )   AND DIRECTING PLAINTIFF TO
                                    )   AMEND COMPLAINT TO PROVIDE
               Defendant.     )   A MORE DEFINITIVE STATEMENT
                                    )   CONCERNING "CONTINUING
_____)   COMMUNICATION(S)"

This matter comes before the Court on defendant's "Motion for Judgment on the Pleadings" (Dkt. # 11). Judgment on the pleadings should be entered when there are no issues of material fact and the moving party is entitled to judgment as a matter of law. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989). The pleadings must be construed in the light most favorable to the nonmoving party. Ludahl v. Seaview Boat Yard, Inc., 869 F. Supp. 825, 826 (W.D. Wash. 1994). However, only those facts that are well pleaded will be accepted as true. Joplin Enterprises v. Allen, 795 F. Supp. 349, 352 (W.D. Wash. 1992). Plaintiff has brought a claim against defendant, a debt collection agency, for violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692. Defendant moves to dismiss the action because the alleged violations are barred by the

ORDER GRANTING IN PART DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS AND DIRECTING
PLAINTIFF TO AMEND COMPLAINT TO PROVIDE A
MORE DEFINITIVE STATEMENT CONCERNING
"CONTINUING COMMUNICATION(S)" - 1

applicable statute of limitations.

A claim under the FDCPA must be filed "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Plaintiff's complaint is vague as to the exact nature of the violations and when they occurred. Plaintiff claims that on October 1, 2001, defendant contacted him regarding a debt owed to GMAC. See Complaint at ¶ V. The complaint further alleges that defendant filed suit against plaintiff to collect the debt on October 19, 2001. Id. at ¶ VI. On November 6, 2001, there was a hearing on the matter in Snohomish County Superior Court. Id. at ¶ V.[1] Finally, plaintiff alleges that defendant had Snohomish County Sheriffs arrest and handcuff plaintiff in November of 2002. Id. at ¶ XI. All of these incidents occurred at least two years before the filing of this action. These incidents therefore cannot be the basis of a cause of action because they are barred by the statute of limitations.[2]

In his response, plaintiff argues that the 2001 and 2002 incidents are merely illustrative of the type of violations that defendant has committed. According to plaintiff, his complaint alleges two violations that occurred within one year of his filing this suit. First, he alleges that the communication of the mandate from the state Court of Appeals to the trial court indicating that review had been terminated is a violation of the FDCPA. See Response at 2 (referencing Complaint at ¶ X). Second, plaintiff notes that his complaint refers to "continuing communication(s) by the debt collector," which, according to plaintiff, satisfies the minimal requirements of notice pleading. See Response at 1-2 (referencing Complaint at ¶ XII).

Plaintiff's basic allegation appears to be that defendant initiated the debt collection suit in

---

[1] Plaintiff has misnumbered the paragraphs in his complaint. This citation refers to the second of the two paragraphs on page two that is marked as V.

[2] Plaintiff concedes these incidents are barred by the statute of limitations. See Response at 1-2.

ORDER GRANTING IN PART DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS AND DIRECTING
PLAINTIFF TO AMEND COMPLAINT TO PROVIDE A
MORE DEFINITIVE STATEMENT CONCERNING
"CONTINUING COMMUNICATION(S)" - 2

Snohomish County without first providing plaintiff with a certified verification of the debt owed.³  See Response at 3.  He contends that all of the communications related to the debt collection action are in violation of the FDCPA because defendant has never verified the debt. Id.  At most, plaintiff's allegations could support a claim that the premature filing of the suit in Snohomish County is a potential violation of the Act.  If that were the case, the statute of limitations would have began running upon the filing of the complaint.  See Nass v. Stolman, 130 F.3d 892, 893 (9th Cir. 1997) (noting the alleged violation of the FDCPA was not a judgment by an appellate court, but instead the bringing of the suit itself).  The rationale behind the Act is to regulate the actions of debt collectors.  "Filing the complaint is the debt collector's last opportunity to comply with the Act." Id.  Moreover, the court noted that using the filing date is an easily ascertainable date from which to start the statute of limitations. Id.  Defendant therefore committed the potential violation by filing the complaint in Snohomish County and the subsequent actions of the parties and the court did not constitute new independent violations. The Court finds that the potential violation of the FDCPA related to the Snohomish County suit occurred on October 19, 2001 and is therefore barred by the statute of limitations.

In addition, according to Washington Rule of Appellate Procedure 12.5, a mandate is ". . . the written notification by the clerk of the appellate court to the trial court and to the parties of an appellate court decision terminating review."  The mandate was not issued by the defendant. It was issued, by rule, by the clerk of the appellate court.  Plaintiff argues that defendant, by initiating the suit, indirectly caused the clerk to issue the mandate.  See Response at 4 (citing § 1692a(2)).  The defendant had no power to require the clerk to issue the mandate, nor any

---

³ The exact nature of plaintiff's claims are not clear from either the complaint or the response. Plaintiff candidly admits that he "is still, after almost one year, attempting to clearly state the nature of the deceptive acts and practices in a fashion the court can follow."  Complaint at ¶ XIIII [sic].

ORDER GRANTING IN PART DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS AND DIRECTING
PLAINTIFF TO AMEND COMPLAINT TO PROVIDE A
MORE DEFINITIVE STATEMENT CONCERNING
"CONTINUING COMMUNICATION(S)" - 3

formal ability to ask the clerk to do so.  The mandate was not a communication conveyed by defendant under the meaning of the Act.

Plaintiff's second claim is based on "continuing communication(s) by the debt collector." Plaintiff, though given the opportunity to do so, has not specified, even generally, the nature of these "continuing communication(s)."  There is simply no description of any acts committed by defendant within the year preceding the filing of this lawsuit that could be violations of the FDCPA.

Fed. R. Civ. P. 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The federal rules require the complaint to give defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47-8 (1957); see also In re "Santa Barbara Like it is Today" Copyright Infringement Litigation, 94 F.R.D. 105, 107-08 (D. Nev. 1982) (purpose of Rule 8 is to give fair notice of the claim, so as to give the adverse party the opportunity to file a responsive answer and prepare an adequate defense, and, beyond this, to sharpen issues to be litigated and confine discovery to reasonable grounds).  Plaintiff's unspecified allegation of "continuing communication(s)" does not provide fair notice to defendant.

Finally, there exists some authority to argue that conduct that occurs outside the applicable limitations period is actionable under the "continuing violation" theory.  See Joseph v. J.J. MacIntyre Co., L.L.C., 281 F. Supp.2d 1156 (N.D. Cal. 2003).  However, the factual circumstances that gave rise to the "continuing violation" theory in Joseph and the court's analysis of the theory's application clearly show that the theory is inapplicable to the facts thus far alleged by plaintiff.  In Joseph, the debt collectors called the plaintiff's residence more than 200 times over a nineteen month period.  The court held that calls were not discrete acts, but instead showed a pattern of continuing violations that were actionable.  The key is a pattern of

ORDER GRANTING IN PART DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS AND DIRECTING
PLAINTIFF TO AMEND COMPLAINT TO PROVIDE A
MORE DEFINITIVE STATEMENT CONCERNING
"CONTINUING COMMUNICATION(S)"  - 4

conduct. Id. at 1161. Here, although plaintiff has alleged "continuing communication(s)," there is no description of any pattern of violations. In fact, under Nass, the only potential violation is the filing of the Snohomish County lawsuit without first verifying the debt. The lawsuit is one discrete act. It does not show a pattern of continuing violations. Therefore, under the facts thus far alleged, the "continuing violation" theory does not preserve plaintiff's claims.

The Court directs plaintiff to file a motion to amend his complaint to provide a more definitive statement regarding "continuing communication(s)" within 30 days. Failure to do so will result in the remainder of the complaint being dismissed.[4] Plaintiff is advised that the Court must consider four factors when determining whether to grant leave to amend: bad faith, undue delay, prejudice to the opposing party, and the futility of amending. See Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994). When requesting leave to amend, plaintiff must submit a proposed amended complaint with the motion so that the Court can consider the request in light of the four factors listed in Kaplan.

For all of the foregoing reasons, defendant's Motion for Judgment on the Pleadings (Dkt. # 11) is GRANTED IN PART. All claims based on the filing, litigation, and resolution of the Snohomish County action are hereby dismissed. Plaintiff is directed to file a motion for leave to amend, complete with a proposed amended complaint that provides a more definitive statement concerning the alleged "continuing communication(s)." This motion must be filed

---

[4] See, e.g., O'Brien v. Sinatra, 315 F.2d 637 (9th Cir. 1963) (district court found plaintiff's complaint did not satisfy the requirements of Rule 8 and granted plaintiff leave to amend with explicit instructions; plaintiff failed to comply with the instructions and appellate court affirmed the district court's dismissal of the case).

ORDER GRANTING IN PART DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS AND DIRECTING
PLAINTIFF TO AMEND COMPLAINT TO PROVIDE A
MORE DEFINITIVE STATEMENT CONCERNING
"CONTINUING COMMUNICATION(S)" - 5

within 30 days of this order being entered.  Failure to do so will result in the dismissal of the remainder of the complaint.

DATED this 3rd day of June, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS AND DIRECTING
PLAINTIFF TO AMEND COMPLAINT TO PROVIDE A
MORE DEFINITIVE STATEMENT CONCERNING
"CONTINUING COMMUNICATION(S)"  - 6